[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER OF PREJUDGMENT REMEDY
The filed an application for prejudgment remedy on which a hearing was held and both the plaintiff Richard Ziff and one of the defendants, Partly Sunny, LLC (the defendant) appeared, presented evidence and was heard. Upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance and the arguments or counsel, the Court hereby finds that the plaintiff has shown that there is probable cause that a judgment in the amount of Fifty-Five Thousand Dollars ($55,000) will be rendered in the matter in his favor.
The Court further finds that payment of any judgment that may be rendered against the defendant is not claimed to be adequately secured by insurance, and the property sought to be subjected to the prejudgment remedy is not claimed to be exempt from execution.
It is hereby ordered that the plaintiff may attach sufficient property of the defendant to secure the sum of Fifty-Five Thousand Dollars ($55,000) and to the extent such attachments are inadequate, commencing thirty (30) days after the date hereof, may also garnish any agent, trustee, or debtor of the defendant Partly Sunny, LLC which has concealed in its possession property of the defendant and is indebted to the defendant; provided, that the aggregate amount of assets so attached and garnished do not exceed Fifty-Five Thousand Dollars ($55,000). CT Page 4217
The defendant may substitute a bond for all or any portion of the prejudgment remedy hereby granted.
It is further ordered that in the event that the plaintiff garnishes the assets of the defendant the plaintiff must post a bond to secure the defendant against damages that may result from the garnishment. The bond which the plaintiff must post shall be in an amount equal to twice the amount of the funds garnished by the plaintiff.
Bryant, J.